Filed 9/10/20  P. v. Wilson CA4/2

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LESTER HARLAND WILSON,<br><br>    Defendant and Appellant. | E072959<br><br>(Super.Ct.No. RIF079858)<br><br>**ORDER MODIFYING OPINION**<br><br>[NO CHANGE IN JUDGMENT] |

THE COURT

The opinion filed in this matter on September 10, 2020, is modified as follows:

On page 2, in the paragraph that begins, "Defendant now appeals," remove the fourth sentence, "Defendant invited the error he now challenges."  The paragraph should read:

1

Defendant now appeals. But he does not contend the superior court erred by finding he is ineligible for relief under Penal Code section 1170.95. Instead, he argues the superior court had no jurisdiction to rule on the petition because his judgment of death is on appeal before the Supreme Court. We find no error and affirm.

This modification does not change the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
                                                                        Acting P. J.

We concur:


FIELDS
                    J.


MENETREZ
                    J.


2

Filed 9/10/20  P. v. Wilson CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LESTER HARLAND WILSON,<br><br>    Defendant and Appellant. | E072959<br><br>(Super.Ct.No. RIF079858)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Eric A. Keen, Judge.

Affirmed.

Mark D. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland, Alana Cohen Butler and Teresa Torreblanca, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Lester Harland Wilson was sentenced to death and his direct appeal to the California Supreme Court is currently pending. After the provisions of Senate Bill No. 1437 (2017-2018 Reg. Sess.) went into effect, defendant petitioned the superior court pursuant to Penal Code section 1170.95 to vacate his first degree murder conviction and resentence him, arguing he was not the actual killer and can no longer be found guilty of first degree murder under the natural and probable consequences doctrine or under the felony-murder rule. The People opposed the petition, contending Senate Bill No. 1437 is unconstitutional. Defendant filed no reply. And at the hearing, counsel appointed for defendant agreed with the prosecutor's assertion that the record of conviction demonstrated defendant was the actual killer and, therefore, he is not eligible for relief under Penal Code section 1170.95. The superior court denied defendant's petition without prejudice.

Defendant now appeals. But he does not contend the superior court erred by finding he is ineligible for relief under Penal Code section 1170.95. Instead, he argues the superior court had no jurisdiction to rule on the petition because his judgment of death is on appeal before the Supreme Court. Defendant invited the error he now challenges. We find no error and affirm.

I.

PROCEDURAL BACKGROUND

In 2000, a Riverside County jury found defendant guilty of first degree murder, among other crimes, found true special circumstances, and set the penalty as death. Eight years later, the Supreme Court affirmed defendant's convictions but reversed the death

2

sentence.  (*People v. Wilson* (2008) 44 Cal.4th 758.)  Two years later, a second jury found true special circumstances, and the trial court sentenced defendant to death.  Defendant's direct appeal from the judgment of death is currently pending before the California Supreme Court.  (*People v. Wilson*, S189373.)[1]

Effective January 1, 2019, Senate Bill No. 1437 prospectively amended Penal Code sections 188 and 189 (Stats. 2018, ch. 1015, §§ 2, 3) to limit the application of the felony-murder rule and the crime of murder under the natural and probable consequences doctrine to persons who are the actual killer, who act with the intent to kill, or who are a major participant in a felony and who act with reckless indifference for human life.  In addition, Senate Bill No. 1437 enacted Penal Code section 1170.95 (Stats. 2018, ch. 1015, § 4), which permits persons previously convicted of first or second degree murder under the felony-murder rule or the natural and probable consequences doctrine, but who could not be so convicted under the amendments enacted by Senate Bill No. 1437, to petition the superior court to vacate their murder convictions and to resentence them on any remaining counts.

---

[1] The court has reviewed appellant's request for judicial notice filed November 14, 2019.  On December 2, 2019, we reserved ruling on the request for consideration with the appeal.  We now grant defendant's unopposed request for judicial notice of the Supreme Court docket in his pending appeal.  (Evid. Code, §§ 452, 459.)

On January 24, 2019, defendant filed a petition for resentencing in the superior court requesting relief under Penal Code section 1170.95. The district attorney opposed the petition, arguing Senate Bill No. 1437 was unconstitutional.[2] The trial court appointed counsel for defendant, but counsel filed no written reply to the opposition.

At the hearing on the petition, the prosecutor argued that, even if the court were to conclude Senate Bill No. 1437 was constitutional, the opinion of the Supreme Court affirming defendant's first degree murder conviction demonstrated defendant beat, tortured, and murdered the victim, so he was not eligible for relief under Penal Code section 1170.95. The trial court asked, "So it seems like he's the actual killer?" The prosecutor answered, "Yes," and defendant's appointed attorney replied, "I have no reason to doubt what [the prosecutor] said based upon my reading of the case." Therefore, the trial court denied the petition, "without prejudice." Defendant timely appealed.

## II.

## DISCUSSION

On appeal, defendant argues the superior court lost jurisdiction over his case once the appeal from his sentence of death was perfected, and it therefore lacked jurisdiction to make any ruling on his petition. He contends the order denying the petition must be vacated. The People respond that defendant did not object to the ruling, and he agreed

---

[2] This court recently rejected the same arguments made by the prosecutor and concluded Senate Bill No. 1437 is constitutional. (*People v. Johns* (2020) 50 Cal.App.5th 46.)

4

with the prosecutor that his petition failed to make a prima facie showing of relief, so he "should not be permitted to complain on appeal when he agreed that the petition should be denied." In addition, the People argue that, even if defendant did not forfeit his claim of error, there was no error because the order denying defendant's petition did not affect the judgment on appeal. We agree.

Generally, "[t]he filing of a valid notice of appeal vests jurisdiction of the cause in the appellate court until determination of the appeal and issuance of the remittitur." (*People v. Perez* (1979) 23 Cal.3d 545, 554.) Thus, the filing of a valid notice of appeal deprives the trial court of jurisdiction to make any order affecting the judgment. (*In re Osslo* (1958) 51 Cal.2d 371, 379-380.)

There is little question the trial court lacked jurisdiction to grant defendant's petition for resentencing because such an order would have affected the judgment of death that is on appeal or interfered with the Supreme Court's exclusive appellate jurisdiction. However, the automatic stay on appeal did not prevent the trial court from *denying* the petition without prejudice (whether on the merits or for lack of jurisdiction) because the order will have no effect whatsoever on the judgment. (*Townsel v. Superior Court* (1999) 20 Cal.4th 1084, 1089-1091 [trial court had jurisdiction to order appointed appellate counsel to have no contact with jurors because the order addressed collateral or supplemental issues unrelated to judgment of death on appeal, and the order did not interfere with Supreme Court's jurisdiction].)

Therefore, we find no error and affirm the order.

5

## III.

## DISPOSITION

The order denying defendant's petition for resentencing pursuant to Penal Code section 1170.95 is affirmed.  The denial of defendant's petition is without prejudice to him filing a new one in the future that addresses the same arguments made in the instant petition.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER _____

Acting P. J.

We concur:


FIELDS _____

      J.


MENETREZ _____

      J.